**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Raymond E. Glidden

    v.                                    Civil No. 09-cv-297-SM

Richard Gerry, Warden,
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Before the court is petitioner Raymond E. Glidden's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. As Glidden is represented by counsel, the matter is before me to determine from the face of the petition and any attached exhibits whether the claims raised in the petition may proceed, or whether the claims should be dismissed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Background

The following statement of facts and the procedural history of this case is drawn from the Petition (doc. no. 1), and the exhibits attached thereto, which I construe as part of the

Petition for all purposes.  See Fed. R. Civ. P. 10(c).  On May 28, 1980, a grand jury returned an indictment charging Glidden with the offense of acting as an accomplice to first degree murder, alleging, in pertinent part, that Glidden drove the perpetrator to and from the place where the victim, Steven Mitchell, was shot, for the purpose of facilitating the murder and causing Mitchell's death.  Shortly before trial, on November 16, 1981, the State moved to amend the indictment, proposing to change the wording so that it did not specifically allege that Glidden was the driver.  On December 9, 1981, a jury convicted Glidden.  Glidden is currently in the midst of serving a sentence of life imprisonment without eligibility for parole on his accomplice to first degree murder conviction.

Glidden filed a direct appeal of his conviction in the New Hampshire Supreme Court ("NHSC") in 1982.  The NHSC affirmed the conviction on March 24, 1983.  See State v. Glidden, 123 N.H. 126, 459 A.2d 1136 (1983).

Twenty five years later, in September 2008, Glidden filed a motion to vacate the conviction in Rockingham County Superior Court.  See Petition (doc. no. 1) at 4.  On November 5, 2008, the Superior Court denied the motion to vacate upon finding that the

motion was untimely.  See State v. Glidden, No. 81-S-0607 (Rockingham Cty. Super. Ct. Nov. 5, 2008) (order denying defendant's motion to vacate conviction).  Glidden appealed that order, and the NHSC declined to accept the notice of appeal on January 23, 2009.  Thereafter, Glidden filed the instant petition under 28 U.S.C. § 2254, raising the claim that he suffered a violation of his federal constitutional rights when the State was allowed to amend the indictment shortly before trial.

## Discussion

AEDPA imposes a one-year period for filing a petition for a writ of habeas corpus.  See 28 U.S.C. § 2244(d)(1)(A).  For a prisoner like Glidden, whose conviction became final before AEDPA was passed, the one year period began to run on AEDPA's effective date, April 24, 1996.  See Currie v. Matesanz, 281 F.3d 261, 264 (1st Cir. 2002).  Absent tolling, Glidden had until April 24, 1997, to file his petition under section 2254.  Glidden's petition presents no grounds for equitably tolling the statute of limitations.  Glidden's failure to challenge his conviction for more than a decade before filing this petition renders his instant petition time-barred under AEDPA's one-year statute of limitations.  See 28 U.S.C. § 2244(d).  Accordingly, I recommend

dismissal of the petition in its entirety.

_____
James R. Muirhead
United States Magistrate Judge

Date:   September 28, 2009

cc:     Philip R. Desfosses, Esq.